```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION at LEXINGTON

IN RE CLASSICSTAR MARE LEASE     )
LITIGATION                       )         MDL No. 1877
                                 )
                                 )         Master File:
                                 )   Civil Action No. 07-353-JMH
                                 )
                                 )
                                 )         5:07-cv-349-JMH
                                 )         5:07-cv-351-JMH
                                 )         5:07-cv-419-JMH
                                 )          5:08-cv-17-JMH
                                 )          5:08-cv-53-JMH
                                 )          5:08-cv-60-JMH
                                 )          5:08-cv-74-JMH
                                 )         5:08-cv-321-JMH
                                 )
                                 )    MEMORANDUM OPINION & ORDER
```

*** *** ***

This matter is before the Court upon the Plaintiffs' Motion for Sanctions Against Defendants GeoStar Financial Services Corp. ("GFSC") and First Source Wyoming, Inc. ("FSW"), and in further support of their Motions for Sanctions Against GeoStar. GeoStar (against whom sanctions have been entered by another order of the Court), GFSC, and FSW have responded, and the Movants have replied in further support of their motions. Having considered the pleadings, the Court both grants and denies the requests for relief, and sanctions are entered as set forth below.

These parties request an award of sanctions with respect to GFSC and FSW on the grounds that their designated representatives under Fed. R. Civ. P. 30(b)(6) failed to appear at the companies'

scheduled depositions, following on the heels of GeoStar's designated witness's failure to appear for the second and third days of that company's deposition. The designees' failures to appear meant that Plaintiffs were unable to obtain the desired discovery with respect to the position and information available to GFSC and FSW as to the items listed in the Notices of Deposition. The failure to appear for questioning has, according to these parties, prejudiced their ability to gather evidence in support of their own claims against FSW and GFSC. Plaintiffs seek to have certain facts deemed established and to restrict any further testimony that might be offered by FSW and GFSC.

Pursuant to Fed. R. Civ. P. 30(b)(6), FSW and GFSC had an obligation to designate one or more witnesses to appear on their behalf at a deposition noticed by Plaintiffs, as well as to prepare that witness to testify regarding FSW and GFSC's positions on the topics included in the notice. A failure to provide an adequately prepared and willing designee is, essentially, a failure to appear. *See Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). In such a situation, Fed. R. Civ. P. 37(d) authorizes the Court to impose sanctions on a corporate party, directing that certain facts be deemed established or prohibiting the party from presenting evidence or opposing certain claims. Rule 37 puts no limits on who may move for sanctions, and, thus, the Court concludes that both the party who noticed the depositions

and others that might have questioned the designee at a noticed deposition may seek sanctions. *See Payne v. Exxon Corp.*, 121 F.3d 503, 509-10 (9th Cir. 1997).

By imposing certain types of sanctions, the Court can prevent frustration of the discovery process by giving the frustrated party or parties the benefit of an inference that the deposition would have yielded evidence favorable to its position – or at least unfavorable to that defendant. Moore's Federal Practice – Civil § 37.96 (2009). Further, this Court recognizes that the parties' taking the deposition could and likely would have requested authentication of documents identified by the notice of deposition in the course of that proceeding. *See Sprint Comm. Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006).

The situation presented to the Court is quite simple. FSW and GFSC were provided a list of topics upon which their designees were to provide testimony at a deposition. They had discretion in selecting their designee or designees. Counsel appeared for the depositions – including counsel for GFSC and FSW – only to learn that the designees would not appear at the last minute. No real explanation for their failure to appear has been provided, and the Court knows only that they elected not to testify. Neither GFSC nor FSW has disputed these facts, and – while they argue that the better course would be to let them have a second bite at the apple, so to speak – they cannot deny that the moving parties have been

prejudiced with respect to the preparation of their claims and defenses by their failure to offer the required testimony.

So, in crafting a resolution to the dispute before it, the Court has carefully considered FSW and GFSC's objections to the breadth of the requested sanctions. Frankly, there must be some sanction as FSW and GFSC were given an opportunity to provide evidence in this case, including evidence that would arguably support their defenses. That they at some point fully intended to provide that evidence only to have their designee back out – inexplicably – at the last minute makes no difference to the Court. Nor is the Court particularly concerned with FSW and GFSC's argument that sanctions would effect what is essentially a default judgment against them, as the Court does not believe that the relief that it shall provide goes so far.[1]

As with GeoStar before them, the Court finds that it is only fair that FSW and GFSC will be, themselves, precluded from disputing the authenticity of documents appearing to have been created or received by them or their agents. Further, FSW and GFSC shall be estopped from introducing evidence which is contrary to

---

[1] FSW and GFSC's failures to produce designees to provide evidence mean that, if they are unable to offer a defense due to limitations on what evidence they can now offer in support of their defenses, they were the masters of their own fates at the depositions. Put another way, they have made their own beds and must now lie in them with respect to the facts, but the Court will not bar them from raising legal defenses to the claims set forth by Plaintiffs.

the *factual assertions* set forth by Plaintiffs in their motions. Defendants remain free, however, to make argument with respect to the *legal conclusions* to be drawn from those facts. In other words, the Court will accept that, to the extent that there is evidence that GFSC entered into agreements with Plaintiffs, i.e., promissory notes, GFSC cannot deny it. Similarly GFSC may not present evidence to dispute that Tony Ferguson served as its Vice-President; that it entered into an agreement with the Goyak Plaintiffs, the Working Interest Purchase Agreement of June 22, 2005, to pay John Goyak and Associates $207,057.68 for its Working Interests and the right to convert those interests into Gastar Exploration Stock and to pay John and Dana Goyak $372,005.04 for their Working Interests; that John and Dana Goyak received only $46,500 for their Working Interests and that John Goyak and Associates received on $25,882.21 for its working interests; that a balance of $325,505.04 and $181,175.47 remains owed with respect to the Agreements to John and Dana Goyak and John Goyak and Associates; that GFSC never disclosed that it was a separate entity from GeoStar or that it had no assets; that GeoStar Corporation maintained daily control of GFSC, that it used the mails or a Federal Express shipping to send John and Dana Goyak the Working Interest Purchase Agreement; that it used the mails or a Federal Express shipping to send John Goyak and Associates the Working Interest Purchase Agreement; that proceeds from any overselling of

mare leases were deposited in GFSC accounts and used to purchase property held by GFSC and others; that GFSC used a portion of funds gathered from any overselling of mare leases was used to fund Gastar gas exploration activities.

Nor may FSW present evidence contrary to that proof presented by Plaintiffs to demonstrate that GeoStar owned all outstanding shares of FSW; that Tony Ferguson served as the president of FSW; that Fred Lambert served as controller of FSW; that GeoStar maintained FSW records and ledgers in Michigan; that FSW commingled funds with GeoStar in a sweep account; that FSW entered into an Option Agreement dated December 26, 2001, providing John and Dana Goyak an option acquire up to 10.39% of working interest in FSW's coal bed methane wells in the Powder River Basin; that FSW and John and Dana Goyak converted 46.89% of the Goyak's mare leases into working interests in FSW's coal bed methane wells in the Powder River basin, which was worth $3,593,248; that FSW agreed that John and Dana Goyak would have the right to exchange working interests in FSW's coal bed methane wells in the Powder River Basin into Gastar stock at a conversion price of $1.10; that FSW entered into a Coal bed Methane Subscription Agreement whereby John Goyak and Associates would be allowed to convert 26.1% of its mare leases into working interests in FSW's coal bed methane wells in the Powder River Basin, valued at $2,000,000; that FSW agreed to give John Goyak and Associates the right to exchange working interests

-6-

in FSW's coal bed methane wells in the Powder River Basin into Gastar stock at a conversion price of $1.10; that FSW never intended to follow through with its agreements with the Goyak Plaintiffs; that proceeds from any overselling of mare leases were deposited in FSW accounts and used to purchase property held by GFSC and others; and that FSW used a portion of funds gathered from any overselling of mare leases was used to fund Gastar gas exploration activities.

In reaching the conclusion that this is an appropriate sanction, the Court is mindful of the fact that proponents of the facts upon which FSW and GFSC must now maintain silence will still need to provide *some* proof from which the inferences themselves can be drawn in order for them to be deemed established in this matter, particularly with respect to parties other than GFSC and FSW. Thus, for example, a party would need to show some evidence to the Court that FSW entered into a Coalbed Methane Subscription Agreement whereby John Goyak and Associates would be allowed to convert 26.1% of its mare leases into working interests in order to assert that fact against one of FSW's co-defendants. The parties – other than FSW and GFSC, unless otherwise subject to sanction – may still marshal evidence in support of their claims and defenses and remain free to challenge the inferences that touch on the claims against them using the evidence available to them to the extent that the inference speaks to their action or inaction, even if FSW

and GFSC cannot.

In this instance, the Court concludes that the fairest resolution is to sanction FSW and GFSC by prohibiting them, and them alone, from presenting evidence that would deny any of the factual assertions set forth above.

Accordingly, **IT IS ORDERED**:

(1)  This Motion for Sanctions is **DENIED** in Lexington Civil Action Nos. 5:07-cv-349-JMH [DE 199], 5:07-cv-351-JMH [DE 90], 5:07-cv-419-JMH [DE 143], 5:08-cv-17-JMH [DE 61], 5:08-cv-60-JMH [DE 53], in which the motion does not request relief with respect to a party to those actions or relief which has not already been granted with respect to a party in those actions, and in Lexington Civil Action No. 5:08-cv-321-JMH [DE 154], in which the request for relief is moot.

(2)  that Plaintiffs' Motion for Sanctions in Lexington Civil Action Nos. 5:08-cv-53-JMH [DE 282] and 5:08-cv-74-JMH [DE 59] is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

(3)  that the Motion for Joinder in the Motion for Sanctions filed by the Goyak Plaintiffs in 5:08-cv-53-JMH [DE 286] is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

This the 9th day of April, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge